no fee pd

MIED (Rev.5/13) EEOC Civil Complaint

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**FILED**

JUN 0 5 2014

CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

Lamar Burno

**Plaintiff,**

v.

Michael Angelo "et al."

Case:5:14-cv-12262
Judge: O'Meara, John Corbett
MJ: Majzoub, Mona K.
Filed: 06-05-2014 At 09:59 AM
CMP Burno v Angelo, et al (at)

**Defendant(s).**

_____/

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972) for employment discrimination.   Jurisdiction is specifically conferred on this Court under 42 U.S.C. § 2000e-5.

2. Plaintiff resides at the address at the bottom of this form.

3. Defendant's address is:
   1871 Vauxhall Rd   Union, NJ   07083
   *Street Address*          *City*          *State*    *Zip*

4. The address where the alleged discrimination occurred (the address where you were employed or sought employment):
   16100   19mile Rd, Clinton Township, MI 48038
   *Street Address*          *City*          *State*    *Zip*

5. The alleged discriminatory acts occurred:
   February, 2011          November, 2011
   *From (date)*          *To (date)*

6. Charges were filed with the **Michigan** Civil Rights Commission regarding defendant's alleged discriminatory conduct:

   _____
   *Day/month/year (if you did not file with this agency, leave this line blank)*

7. Charges were filed with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct:

   _____
   *Day/Month/Year (if you did not file with this agency, Leave this line blank)*

**Page 1 of 2**

MIED (Rev.5/13) EEOC Civil Complaint

8. The Final Determination/Notice of Right to Sue letter from the Equal Employment Opportunity Commission was received on: _____

   I   ☐ Have   ☒ Have **NOT** filed this complaint within the 90 day period as required by 42 U.S.C. § 2000e-5.

9. The acts complained about in this suit concern:

   A. ☐ Failure to employ you                    B. ☒ Termination of employment
   C. ☐ Failure to promote you                   D. ☒ Other acts, explained below:

   Race, Color and Civil Rights Discrimination.

   * I have enclosed a formal complaint to outline what happened in factual detail. *

10. Defendant's conduct is discriminatory based upon:

    A. ☒ Race   B. ☒ Color   C. ☐ Gender   D. ☐ Age   E. ☒ National Origin
    F. ☐ ADA-defined disability/other: _____

11. A copy of my charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of this claim.

    If relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen Civil Rights Act.

    I therefore pray that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney fees.

Dated: 5/31/14

Lamar B Burno
Plaintiff's Signature
Lamar B. Burno
Plaintiff's Printed Name
800 James St
Street Address
Elizabethtown, NC 28337
City, State, Zip Code
267 882 8843
Telephone Number
headbodyguard@yahoo.com
E-mail Address

**Page 2 of 2**

LAMAR BURNO – PRO SE
800 JAMES STREET
ELIZABETHTOWN, NC 28337
(267) 882-8843 - OFFICE
(267) 323-9753 - WORK

**FILED**

JUN 0 5 2014

CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

LAMAR BURNO,

PLAINTIFF,

VS.

PACIFIC MARKETING, INC., ENDO
SURGICAL CENTER OF GREATER
LAKES, MICHAEL ANGELO (in his
individual and professional
capacities), JOHN DOES 1-10, AND
XYZ CORPS. 1-10,

DEFENDANTS.

UNITED STATES DISTRICT COURT,
for the EASTERN DISTRICT OF
MICHIGAN

CIVIL ACTION NO.:

COMPLAINT AND JURY DEMAND

Plaintiff, Lamar Burno ("Mr. Burno" or "Plaintiff"), who resides at 800 James Street, Elizabethtown, North Carolina 28337, by way of this Complaint against the Defendants, Pacific Marketing, Inc. ("Pacific"), Endo Surgical Center of Greater Lakes ("Endo Surgical"), Michael Angelo ("Angelo"), John Does 1-10, and XYZ Corps. 1-10 (hereinafter collectively the "Defendants") hereby says:

## I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for: (1) a violation of the Michigan Law Against Discrimination, 42 USC 1981, The Elliott-Larsen Civil Rights Act (ELCRA), and Title VII of the Civil Rights Act of 1964 (race discrimination); (2) a violation of the Michigan Law Against Discrimination, (ELCRA) and Title VII of the Civil Rights Act of 1964 (color discrimination); (3) Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980); Zanni v. Medaphis Physician Services Corp. (Zanni II), 240 Mich App 472 (2000) (4) quantum meruit services; (5) breach of express contract; (6) breach of implied covenant of good faith and fair dealing; (7) breach of

1

implied contract, (8) violation of Michigan's Wage Payment Act 390 of 1978; Michigan Wage Act, Titles 408.471 through 408.485.

2.   This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.

3.   Venue is appropriate in this court since Defendants reside and do business in Wayne County, Michigan, during the relevant time period and up to present day.

## II. Parties

4.   At the time of his termination, Plaintiff, Mr. Burno, whose ethnicity is African American descent and skin color is black, was working as a full-time employee with Defendant Pacific Marketing and Defendant Endo Surgical Center at Great Lakes in Clinton Township, Michigan.

5.   Defendant, Michael Angelo, resides at 15 Fairhill Road, Springfield, New Jersey.

6.   Defendant Angelo is the sole owner of Defendant Pacific. Defendant Pacific is headquartered at 1871 Vauxhall Road, Union, NJ 07083.

7.   Defendant Angelo is the co-owner of Defendant Endo Surgical along with Dr. William Focazio. Defendant Endo Surgical is headquartered at 999 Clifton Avenue, Clifton, NJ.

8.   During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to his conduct. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

9.   During the relevant time period, XYZ Corps. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set

2

forth herein.  As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

10.    At all times referred to in this Complaint, employees of the corporate defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct.

11.    Thus, all Defendants are subject to suit under the statutes alleged above.

## II. Factual Allegations

12.    Prior to Plaintiff's career working with Defendants, Plaintiff worked as a bodyguard, stunt man and martial arts instructor.

13.    In 1997, Plaintiff was introduced to Defendant Angelo through a mutual contact.

14.    Shortly after their introduction in 1997, Defendant Angelo hired Plaintiff to work as a part-time bodyguard for him.

15.    Defendant Angelo hired Plaintiff to "protect him" roughly 15-20 hours per week at a rate of $500 per day.

16.    As Defendant Aneglo's bodyguard, Plaintiff was required to accompany Defendant to several late night parties and illegal gambling events that included heavy drug use and prostitution.  In addition, as Defendant's Angelo's bodyguard, Plaintiff was required to chauffer Defendant from various personal and business events.

17.    In or around 2010, Defendant Angelo contacted Plaintiff and offered for him to work full-time for Defendant Pacific.

18.    To accept this position, Defendant Angelo required Plaintiff to re-locate to Clinton Township, Michigan where Defendant Pacific was performing its marketing for Defendant Endo Surgical.

19.    As an employee of Defendant Pacific, Plaintiff's duties were to consist of preparing all marketing materials for patients, stuffing envelopes for mailings, and answering phones and making outgoing calls.

20. In addition to Plaintiff's duties as an employee of Pacific, Plaintiff was also required to assist in Defendant Angelo's other business, Defendant Endo Surgical, by way of transporting patients.

21. Moreover, Defendant Angelo personally required Plaintiff to serve as his bodyguard three (3) days per week to accompany Defendant to restaurants, casinos, late night parties, and other events that included illicit drug use.

22. In consideration of these specific services, Defendant Angelo promised Plaintiff as follows: (1) to pay Plaintiff a salary of $1,500 per week by check, (2) pay for Plaintiff's daughter's college tuition at Bethune Cookman University in Florida enrolling in 2011, with tuition of $23,958.00 per year; (3) pay 100% of Plaintiff's rent for an apartment in Clinton Township, MI that was shared by another roommate for a short time named Al Fusco (also employed at Endo Surgical), (4) pay for a limited clothing budget for Plaintiff, (5) pay for Plaintiff to purchase a vehicle for his personal transportation, and (6) pay a stipend to Plaintiff for work and personal gasoline.

23. Based on these promises and terms of employment, on February 1, 2011, Plaintiff relocated to an apartment in Clinton Township, MI, paid for by Defendants Angelo and Pacific.

24. For the next 9 months, Plaintiff to continued to work in an exemplary manner for Defendants and exceeded his employer's expectations.

25. However, despite Plaintiff's excellent work performance, Defendants Angelo and Pacific began to exercise a pattern of missing payments to Plaintiff.

26. Although Defendant Angelo performed on his promise and paid Plaintiff's daughter's tuition in the amount of $2,500, no payments were made thereafter.

27. From February 2011 until November 19, 2011, Defendant Pacific failed to pay Plaintiff the amount he was due. For 18 weeks during this period, Defendant Pacific failed to pay Plaintiff any amount, thereby owing Plaintiff $1,500 per week, totaling $27,000. For 22 weeks during this period, Defendant Pacific only paid Plaintiff $500.00 per week, thereby owing Plaintiff $1,000.00 per week, totaling $22,000.

4

Defendants owe Plaintiff a total of $49,000 for the period of February 2011 through November 19, 2011.

28. In addition, Defendant Angelo never fulfilled his commitment of purchasing a vehicle for Plaintiff.

29. Further, Defendants failed to pay the September 2011 and October 2011 rent for Plaintiff, totaling $2,000.

30. On several occasions, Plaintiff complained to Defendant Angelo that he needed the car and salary he was promised in order to continue living in Michigan.

31. However, Defendant Angelo ignored Plaintiff's demands.

32. As Plaintiff's employment continued, he was often subjected to several offensive racist comments by Defendant Angelo that severely impacted Plaintiff's working environment.

33. More specifically, in June of 2011, Defendant Angelo commented to Plaintiff in a room full of people that "we need more black people around here". Defendant Angelo said this as a backhanded "compliment" to Plaintiff for his good work with Defendant Pacific.

34. On one occasion in August 2011, Defendant Angelo had cut his face shaving and the cut would not stop bleeding.

35. When Defendant Angelo saw Plaintiff, Plaintiff recommended that Defendant Angelo apply some conditioner shampoo to the wound on his face to stop the bleeding.

36. When the bleeding stopped, Defendant Angelo told Plaintiff "You niggers really know a lot, don't you?" This comment was witnessed by Mark Small and Defendant Angelo's girlfriend, Hala.

37. Plaintiff was extremely offended and distraught by Defendant's hateful comment.

38. Notably, in or around September 2011, it became apparent to Plaintiff that Defendant Pacific was committing several unethical violations of law in their marketing practices.

39. More specifically, in mid September 2011, Plaintiff reviewed a notice that was mailed to the attention of Defendant Pacific sent from the Michigan Attorney General's Office.

40. The notice stated that Defendant Pacific was violating several laws by purchasing crash reports of local accidents and using same to directly solicit injured patients for business at Defendant Endo Surgical.

41. Prior to reading this letter, Plaintiff did not have any knowledge that Pacific was committing such a violation.

42. When Plaintiff immediately disclosed and objected to Defendant Angelo that he would no longer continue to send mailings to people based on information Pacific obtained through the crash reports, Defendant Angelo told Plaintiff "if you want to keep your job, you'll do it and shut the fuck up or don't come back. Your choice!"

43. In fear of retaliation that he would be fired and jeopardize his daughter's tuition/education, Plaintiff continued to do the mailings as he was told.

44. In July of 2011, Defendant Angelo elected to switch Plaintiff's payroll from an employee of Defendant Pacific to that of Defendant Endo Surgical, even though Plaintiff continued to work in the marketing department of Pacific performing marketing services.

45. Plaintiff was provided no explanation for the switch in payroll.

46. Despite the switch, Plaintiff continued to protest to Defendant Angelo that he was in breach of their contract to compensate Plaintiff as agreed.

47. As a consequence to Plaintiff's frequent objections to underpayment and Defendant's illegal practices regarding the mailings, Plaintiff's trust and relationship with Defendant Angelo began to drastically deteriorate.

48. Moreover, Defendant Angelo's racist comments continued to intensify.

49. From August 2011 to November 2011, Defendant Angelo began a running joke of calling Plaintiff "Spreewell" whenever he saw him, in reference to the African American basketball player, Latrell Spreewell.

6

50. The comment further referred to Plaintiff's braided hairstyle which was similar to that of Spreewell, as well as Spreewell's reputation for being a "thug" on and off the court.

51. Plaintiff told Defendant Angelo on several occasions that the comparison bothered him and was offensive.

52. Finally, on or about November 8, 2011, Plaintiff told Defendant Angelo that the racist comments had to stop and that he was no longer allowed to address him as "Spreewell."

53. On or about November 10, 2011, Plaintiff specifically told Defendant Angelo, "My name is Lamar. Now you need to either respect me as such or let me go."

54. In response, Defendant Angelo told Plaintiff he was fired and to pack his bags because he could "no longer afford him."

55. At all times throughout Plaintiff's employment, Plaintiff was the only African American and black skinned employee of Defendants Endo Surgical and Pacific.

56. It was evident to Plaintiff that he was terminated in retaliation for complaining about such discrimination and/or disparate treatment, as well as his complaints of wage payment violations and complaints of illegal/unethical conduct

57. Further, as a direct and proximate result of the actions of Defendant, Plaintiff has suffered serious mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition/disability.

58. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count I
### (Michigan Law Against Discrimination)
### (Race Discrimination – Termination/Harassment)

59. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

60. The foregoing facts and circumstances demonstrate that Defendants have violated the Michigan Law Against Discrimination, 42 USC 1981, The Elliott-Larsen Civil

7

Rights Act and Title VII of the Civil Rights Act of 1964, by discriminating against Plaintiff due to Plaintiff's race.

61. Defendants then engaged in retaliation and/or discrimination in retaliation due to Plaintiff's race.

62. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

63. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**Count II**
**(Michigan Law Against Discrimination)**
**(Color Discrimination – Termination/Harassment)**

64. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

65. The foregoing facts and circumstances demonstrate that Defendants have violated the Michigan Law Against Discrimination, 42 USC 1981, The Elliott-Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964, by discriminating against Plaintiff due to Plaintiff's race.

66. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for

medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

67.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count III
### (Common Law-Public Policy Violation)

68.    Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

69.    The foregoing facts and circumstances demonstrate that defendants have violated their common law obligations set forth by the Michigan Supreme Court in Zanni v. Medaphis Physician Services Corp. (Zanni II), 240 Mich App 472 (2000) and New Jersey Supreme Court in Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980).

70.    Further, Defendants' termination of Plaintiff for objecting to Defendants' illegal scheme to solicit its clients is illegal pursuant to the common law of the State of Michigan prohibiting wrongful discharge in violation of public policy.

71.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

72.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count IV
### (Quantum Meruit)

73.    Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

74.   Plaintiff continuously worked in an exemplary manner for Defendants and exceeded his employer's expectations.

75.   Defendants accepted Plaintiff's services.

76.   Plaintiff reasonably expected payment for his services.

77.   Defendant failed to pay Plaintiff approximately $51,000 in salary and benefits from February 2011 until November 19, 2011.

78.   As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

79.   Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count V
### (Breach of Express Contract)

80.   Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

81.   Defendants had various contractual obligations to Plaintiff to pay Plaintiff's salary, rent, clothing allowance, vehicle, and college tuition for Plaintiff's daughter in exchange for Plaintiff's employment.

82.   Defendants violated the terms of the parties' employment contract.

83.   The actions of defendant give rise to the claim of breach of express contract.

84.   As a direct and proximate result of the actions of defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost

wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

85. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count VI
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

86. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

87. The actions of Defendants give rise to the claim of breach of the implied covenant of good faith and fair dealing.

88. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

89. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count VII
### (Breach of Implied Contract)

90. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

91. Defendant made various oral agreements, written agreements and representations to Plaintiff.

11

92.    Defendant violated these and other representations.

93.    The actions of Defendants give rise to the claim of breach of implied contract.

94.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

95.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**Count VIII**

**(Michigan Wage Payment Act 390 of 1978)**

96.    Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

97.    The actions of Defendants give rise to a violation of the Michigan Wage Payment Act.

98.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

99.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

12

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A.   Compensatory damages;

B.   Damages for lost wages and benefits, back pay, and front pay;

C.   Damages for humiliation, mental and emotional distress;

D.   Statutory damages, if applicable;

E.   Punitive damages and or liquidated damages where permitted by law;

F.   Attorneys' fees and costs of suit;

G.   Lawful interest - including pre-judgment interest on lost wages;

H.   Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I.   Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, I, Lamar Burno have prepared this petition Pro Se.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

13

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification:   (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:      June 2, 2014

*Lamar Burno, Pro Se*

By: _____

**Lamar Bernard Burno**
**Plaintiff**

Barron Smith
Bladen County
North Carolina

BARRON SMITH
MY COMMISSION EXPIRES
NOTARY
PUBLIC
OCTOBER 20, 2018
COLUMBUS COUNTY, NC

14

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

**A** Lamar Burno
*Plaintiff,*

v.

**B** Michael Angelo
*Defendant.*

)
)
)
)
)
)
)
)

Civil Action No. **C**

Hon. **D**

### SUMMONS IN A CIVIL ACTION

To: **E** Michael Angelo "et al."

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**F** Lamar Burno
800 James St
Elizabethtown, NC 28337

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*

By: _____
*Signature of Clerk or Deputy Clerk*

Date of Issuance: _____

**Example 1**



# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☑ Two (2) completed **Civil Cover Sheets**. | |
| ☐ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>___1___ + 2 = __3__ **Complaints.**<br># of Defendants      Total<br><br>Received by Clerk: _____ Addresses are complete: _____ | **CLERK TO AFFIX CASE ASSIGNMENT LABEL HERE** |
| ☐ If any of your defendants are **government agencies:**<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. | |

| | |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>**Clerk, U.S. District Court**<br><br>Received by Clerk: _____ Receipt #:_____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br>Received by Clerk: _____ |

Select the method of service you will use to notify your defendants.

| | | |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br><br>Received by Clerk: _____ | ☑ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☑ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | ☑ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br><u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:<br>• One (1) Notice of a **Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

| |
|---|
| Note any **deficiencies** here: |

Rev. 4/13

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose __Wayne__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lamar Burno

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se, 267 882 8843

## DEFENDANTS
Michael Angelo

County of Residence of First Listed Defendant __Wayne; Union, NJ__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [X] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII of the Civil Rights Act of 1964; Wage Payment Act 390 of 1978

Brief description of cause:
Discrimination (Race, Color, Civil Rights)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  Pro Se

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other      ☐ Yes
            court, including state court? (Companion cases are matters in which  ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

\*I have attached a formal Complaint to
outline factual details as to what happened.\*

